## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| INLAND BUILDERS CORPORATION, a Corporation | CIVIL CASE NO.: CV0070-17 |
| Plaintiff, Counterclaim Defendant, | |
| vs. | DECISION AND ORDER (IBC's Motion for Protective Order; GEDA's Motion to Compel) |
| GUAM ECONOMIC DEVELOPMENT AUTHORITY, a Public Non-Profit Corporation, and DOES 1 THROUGH 5, | |
| Defendants, | |
| GUAM ECONOMIC DEVELOPMENT AUTHORITY, a Public Non-Profit Corporation, | |
| Counterclaimant. | |
| GUAM ECONOMIC DEVELOPMENT AUTHORITY, a Public Non-Profit Corporation, | |
| Third Party Plaintiff, | |
| vs. | |
| ARCHITECTS LAGUANA & CRISTOBAL LLC, | |
| Third Party Defendant. | |

CV0070-17 Inland Builders Corp. v. GEDA, *et al.*
Decision and Order; IBC's Mot. for Protective Order; GEDA's Mot. to Compel

ORIGINAL

# INTRODUCTION

This matter came before the Honorable Anita A. Sukola on November 26, 2019, for a Motion Hearing on Plaintiff/Counterclaim Defendant Inland Builders Corporation's ("IBC") Motion for a Protective Order or Alternatively to Quash 30(b)(6) Deposition and Defendant/Counterclaim Plaintiff Guam Economic Development Authority's ("GEDA") Motion to Compel and for Sanctions for Failure to Appear. Attorney R. Marsil Johnson represents IBC. Attorneys Thomas J. Fisher and Rachel Taimanao-Ayuyu represent GEDA. Upon review of the applicable law, the parties' written and oral arguments, and for the reasons set out herein, the Court hereby **GRANTS** IBC's Motion for Protective Order and **DENIES** GEDA's Motion to Compel. Further, the Court holds that neither party will be sanctioned at this time.

# BACKGROUND

On or about June 24, 2013, IBC and GEDA entered into a construction contract for Phase II of the Guam and Chamorro Educational Facility construction ("Agreement"). Compl. ¶ 5 (Jan. 26, 2017). During construction, IBC encountered various delays, allegedly due to GEDA's conduct. *Id.* at ¶ 6. On September 19, 2014, IBC sent a letter to GEDA asserting facts and circumstances relating to the delays. *Id.* at ¶ 7. On June 24, 2016, IBC served its First Government Claim on GEDA in accordance with 5 G.C.A. § 6201 of the Government Claims Act, seeking additional compensation and a time extension. *Id.* at ¶ 9. GEDA formally rejected this claim on December 23, 2016. *Id.* at ¶ 10.

On January 26, 2017, IBC filed a Complaint against GEDA in the Superior Court of Guam, alleging breach of contract and seeking damages for work related to the Agreement. Compl. at ¶¶ 5, 11.

CV0070-17 Inland Builders Corp. v. GEDA, *et al.*
Decision and Order; IBC's Mot. for Protective Order; GEDA's Mot. to Compel

Page **2** of **10**

On April 25, 2017, IBC filed a Second Government Claim related to the same construction project, seeking damages for additional delay periods allegedly caused by GEDA, liquidated damages, and the remaining retention held by GEDA. Sterling Decl., Ex. A (Dec. 14, 2017). These claims are in addition to the amounts sought in IBC's First Government Claim, which IBC included in its Complaint. GEDA denied the Second Government Claim on October 13, 2017. *Id.*, Ex. D.

On May 15, 2017, GEDA filed an Answer to the Complaint and Counterclaim against IBC for its own breach of contract claim. Def.'s Answer and Countercl. (May 15, 2017). On March 30, 2018, IBC filed a Supplemental Complaint with the Superior Court of Guam, adding damages related to its Second Government Claim.

The discovery period ended on October 28, 2019. On October 4, 2019, GEDA noticed IBC of its Rule 30(b) deposition for October 22, 2019. The Notice contains five topics of inquiry:

1. The facts and circumstances regarding the Government Claims Act claims filed 24 June 2016 and 24 April 2017;
2. The facts and circumstances surrounding or supporting Plaintiff's Complaint filed 26 January 2017 and Supplemental Complaint filed 30 March 2018 and attachments to those complaints;
3. You responses provided to Interrogatories and Requests for Production made by GEDA and particularly your recitation of monetary damage;
4. IBC's understanding of contract and contract document provisions contained in a contract to construct the Guam and Chamorro Educational Facility entered into by IBC;
5. IBC's Computation of Damages: as stated in your Initial Disclosures made 10 July 2018.

Johnson Decl., Ex. 3 (Oct. 21, 2019).

On October 14, 2019, IBC sent GEDA an objection to the Notice, arguing a lack of reasonable particularity: "Essentially you have asked [IBC] to designate a person or persons to

CV0070-17 Inland Builders Corp. v. GEDA, *et al.*
Decision and Order; IBC's Mot. for Protective Order; GEDA's Mot. to Compel

Page **3** of **10**

bind [IBC] in connection with every contention it is making in the case." Johnson Decl., Ex. 4. On October 16, 2019, GEDA responded that it did not agree with the objection, and that the deposition would proceed as scheduled on October 22, 2019. *Id.*, Ex. 5. On October 21, 2019, IBC filed a Motion for Protective Order, seeking to prohibit the deposition in its entirety. IBC did not appear for the deposition on October 22, 2019.

On October 25, 2019, GEDA filed a Motion to Compel and for Sanctions for Failure to Appear. On October 28, 2019, GEDA filed a Motion to Shorten Time. On November 19, 2019, the Court issued a Decision and Order granting GEDA's Motion to Shorten Time and setting an expedited schedule for resolution of IBC's Motion for a Protective Order and GEDA's Motion to Compel and for Sanctions. On November 26, 2019, the Court heard a Motion Hearing on both motions and subsequently took the matters under advisement.

## DISCUSSION

**A. GEDA's Notice of Deposition does not meet the "reasonable particularity" requirement of Rule 30(b)(6).**

Guam Rule of Civil Procedure 30(b)(6) permits a party to depose a corporation. In noticing the corporation's deposition, the noticing party must "describe with reasonable particularity the matters on which examination is requested." Guam R. Civ. P. 30(b)(6). The corporation "shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify." *Id.* The designees must testify to matters known or reasonably available to the corporation. *Id.*

As stated above, GEDA's Notice to IBC contained five topics of inquiry which IBC argues "are not stated with any degree of specificity whatsoever and are tantamount to simply

CV0070-17 Inland Builders Corp. v. GEDA, *et al.*
Decision and Order; IBC's Mot. for Protective Order; GEDA's Mot. to Compel

Page **4** of **10**

asking [IBC] to provide witnesses capable of testifying on anything at all related to the two government claims raised by [IBC]." Mot. for Protective Order at 5 (Oct. 21, 2019). IBC notes that the combined length of its two Government Claims, including all attachments, totals 978 pages. IBC argues that it cannot reasonably be asked to produce a witness or witnesses capable of answering questions about all aspects of GEDA's claims without being provided with more specificity than contained in the Notice.

IBC cites to *Kalis v. Colgate-Palmolive Co.*, 231 F.3d 1049, 1058 (7th Cir. 2000), in which the Seventh Circuit found that a party's "generic Rule 30(b)(6) notice" did not meet the "reasonably particular" standard. *Id.*, fn 5. This statement however, found in a footnote, was not dispositive to the issues of the case and the court did not provide any analysis as to why that notice was insufficient given the facts of that case. Given the fact-specific nature of the issue before this Court, the *Kalis* case provides very little insight. However, the *Kalis* court cites to *Prokosch v. Catalina Lighting, Inc.*, 193 F.R.D. 633, 638 (D. Minn. 2000), which is more insightful as to the purposes of the "reasonably particular" requirement:

> Since a corporation can only act through its employees, directors and agents, the potential thrives for an inquiring party to be bandied, from one corporate representative to another, vainly searching for a deponent who is able to provide a response which would be binding upon that corporation.
>
> On the other hand, a corporation should not be confronted with a seemingly endless sequence of depositions which necessarily interfere with the capacity of its officers and employees to properly discharge their employment duties, and which impose substantial financial costs.
>
> Accordingly, to allow the Rule to effectively function, the requesting party must take care to designate, with painstaking specificity,[1] the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute. Correlatively, the responding party must make a conscientious good-faith

[1] IBC cites to the *Prokosch* Court's use of this phrase "painstaking specificity." Other courts have declined to adopt this standard in place of the "reasonable particularity" standard explicitly stated in Rule 30(b)(6). *Murphy v. Kmart Corp.*, 255 F.R.D. 497, 506 (D.S.D. 2009) (Holding that the *Prokosch* court did not intend "to supplant the 'reasonable particularity' standard clearly articulated in Rule 30(b)(6).").

CV0070-17 Inland Builders Corp. v. GEDA, *et al.*
Decision and Order; IBC's Mot. for Protective Order; GEDA's Mot. to Compel

Page **5** of **10**

endeavor to designate the persons having knowledge of the matters sought by [the interrogator] and to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed by [the interrogator] as to the relevant subject matters.

*Id.* (internal quotations and citations omitted).

A party is not excused from attending a deposition merely because there is no employee who has the necessary knowledge to speak to every topic contained in the deposition notice. "A party need only designate, with reasonable particularity, the topics for examination. The corporation, then must not only produce such number of persons as will satisfy the request, but more importantly, prepare them so that they may give complete, knowledgeable and binding answers on behalf of the corporation." *Starlight Int'l Inc. v. Herlihy*, 186 F.R.D. 626, 638 (D. Kan. 1999). The United States District Court for the Middle District of North Carolina has described the obligation of the deposed party as follows:

Rule 30(b)(6) implicitly requires the designated representative . . . to review all matters known or reasonably available to it in preparation for the Rule 30(b)(6) deposition. This interpretation is necessary in order to make the deposition a meaningful one and to prevent the sandbagging of an opponent by conducting a half-hearted inquiry before the deposition but a thorough and vigorous one before the trial. This would totally defeat the purpose of the discovery process. The Court understands that preparing for a Rule 30(b)(6) deposition can be burdensome. However, this is merely the result of the concomitant obligation from the privilege of being able to use the corporate [or other organizational] form in order to conduct business.

[A party] does not fulfill its obligations at the Rule 30(b)(6) deposition by stating it has no knowledge or position with respect to a set of facts or area of inquiry within its knowledge or reasonably available . . .

*United States v. Taylor*, 166 F.R.D. 356, 362 (M.D.N.C.), *aff'd*, 166 F.R.D. 367 (1996). "If no current employee has sufficient knowledge to provide the requested information, the party is obligated to prepare [one or more witnesses] so that they may give complete, knowledgeable and

CV0070-17 Inland Builders Corp. v. GEDA, *et al.*
Decision and Order; IBC's Mot. for Protective Order; GEDA's Mot. to Compel

Page **6** of **10**

binding answers on behalf of the corporation." *Dravo Corp. v. Liberty Mut. Ins. Co.*, 164 F.R.D. 70, 75 (D.Neb. 1995).

In *Prokosch*, the plaintiffs in a product liability suit noticed the defendant, a seller of lamps, of a Rule 30(b)(6) deposition in which the plaintiffs would be seeking information about the product history and manufacturing process of the lamps, as well as any past claims involving the lamps. 193 F.R.D. 633, 637 (2000). The defendant corporation designated an individual to be deposed, who during the deposition testified that he was unable to respond to the questions due to a lack of information and knowledge. *Id.* Despite the broad nature of the information sought, the *Prokosch* court found that the designated topics sufficed to meet Rule 30(b)(6)'s requirements. *Id.* ("We are satisfied that the Plaintiffs adequately designated, after a conscientious effort to focus its intended inquiry, the subject areas which were both temporally and factually relevant to its claims in this matter."). *Id.*

In *Lipari v. U.S. Bancorp, N.A*, No. CIVA 07-2146-CM-DJW, 2008 WL 4642618, at *6 (D. Kan. Oct. 16, 2008), the United States District Court of Kansas held that a deposition notice failed to meet the "reasonably particular" requirement when the notice directed the corporation to produce a witness who could testify to all allegations raised in a 263-paragraph petition, spanning more than 70 pages. In *In re Independent Service Organizations Antitrust Litigation*, 168 F.R.D. 651, 654 (D. Kan. 1996), the same court entered a protective order where a plaintiff served a Rule 30(b)(6) deposition notice on the defendant Xerox Corporation, requesting that Xerox produce a corporate witness "to testify about facts supporting numerous paragraphs of Xerox's denials and affirmative defenses in its Answer and Counterclaims." *See also Blackrock Allocation Target Shares: Series S Portfolio v. Wells Fargo Bank, Nat'l Ass'n*, No. 14CV09371KPFSN, 2017 WL 9400671, at *1 (S.D.N.Y. Apr. 27, 2017) ("The organizational

CV0070-17 Inland Builders Corp. v. GEDA, *et al.*
Decision and Order; IBC's Mot. for Protective Order; GEDA's Mot. to Compel

Page **7** of **10**

designee can be questioned about historical facts, as well as the opinions and beliefs of the organization. But topics that generally seek testimony as to every fact that supports a legal claim will likely fail the reasonable particularity requirement.").

Based on the cases cited above, the Court holds that GEDA's Notice of Deposition is overly broad. GEDA's topics include "facts and circumstances" concerning IBC's two Government Claims, each of which are based upon delays in the construction of the Guam and Chamorro Educational Facility. The topics do not seem to require that IBC's designee would need any knowledge outside of the particular circumstances which led to the delays. However, in light of the complex subject matter of this litigation, *i.e.* problems stemming from the construction of a museum, the topics as noticed do not describe with reasonable particularity the subjects of inquiry. The Complaint and Supplemental Complaint stem from seven separate "delay periods" which were allegedly caused by various reasons such as design changes, delays in securing legally mandated site inspections, and GEDA's alleged lack of direction as to the testing of certain building materials. Even considering the substantial burden placed on a corporation to prepare an employee for a deposition, it is unreasonable to expect IBC to prepare one of its employees to sufficiently answer questions regarding the reasons for every delay, as well as the mathematics behind computing the damages incurred to IBC due to the delays. This preparation would be excessively time-consuming and the designated employee would nonetheless be unable to answer every possible question regarding the Government Claims.

For the reasons above, the Court grants IBC's Motion for Protective Order and denies GEDA's Motion to Compel. Despite the passing of the discovery period, the Court will allow GEDA to amend its Notice of Deposition to better inform IBC of the topics to be covered. Because the discovery period has passed, the deposition must occur on an expedited schedule.

CV0070-17 Inland Builders Corp. v. GEDA, *et al.*
Decision and Order; IBC's Mot. for Protective Order; GEDA's Mot. to Compel

Page **8** of **10**

GEDA may file its amended Notice of Deposition within fourteen (14) days of this Decision and Order. The deposition is to take place before the next Further Proceedings, which are scheduled for January 16, 2020. If this is not possible, the parties shall file a stipulated request for a time extension.

**B. IBC is not entitled to attorney fees.**

IBC asks the Court to sanction GEDA by awarding IBC attorney fees for its Motion for Protective Order and for opposing GEDA's Motion to Compel. Because GEDA's Motion to Compel was denied, it is liable for IBC's attorney fees unless it can show that its Motion was substantially justified or other circumstances exist which would make an award of expenses unjust. Guam R. Civ. P. 37(a)(4)(B).

In *Pierce v. Underwood*, 487 U.S. 552, 108 (1988), the Supreme Court of the United States established the meaning of "substantially justified" within the context of the Equal Access to Justice Act. In its analysis, the Court recognized the meaning that lower courts have attached to "substantially justified" in the context of Rule 37(a)(4) and (b)(2)(E), which governs attorney fees under the Federal Rules of Civil Procedure. *Id.* at 565. The Court stated that under Rule 37, "[substantially justified] has never been described as meaning 'justified to a high degree,' but rather has been said to be satisfied if there is a 'genuine dispute,' . . . or 'if reasonable people could differ as to [the appropriateness of the contested action] . . . .' *Id.* (internal citations omitted).

The Court holds that there was a genuine dispute regarding whether the Notice of Deposition was overly broad. Therefore, both GEDA and IBC were substantially justified in filing their motions and oppositions regarding the Notice. The Court's decision to deny GEDA's Motion to Compel does not render GEDA's position unreasonable. The discovery dispute giving

CV0070-17 Inland Builders Corp. v. GEDA, *et al.*
Decision and Order; IBC's Mot. for Protective Order; GEDA's Mot. to Compel

Page **9** of **10**

rise to the Motion to Compel involved legitimate issues of law upon which reasonable parties could disagree. Therefore, no sanctions are appropriate at this time.

**CONCLUSION**

For the reasons stated herein, the Court hereby **GRANTS** IBC's Motion for Protective Order and **DENIES** GEDA's Motion to Compel. The Court will not sanction either party at this time. GEDA may file an amended deposition notice within fourteen (14) days of this Decision and Order. The deposition is to take place before January 16, 2020. If this is not possible, the parties are to file a stipulated request for a time extension. The Court orders the parties to cooperate going forward in an effort to avoid further disputes requiring the Court's involvement.

SO ORDERED ___*Dec. 6, 2019*___.

_____

The Honorable Anita A. Sukola
Judge, Superior Court of Guam

COURT BOX
...that a copy of the
...hereto was placed in the
...box of:
BLAIR, FISHER
TARPLEY
Date: 12/6/19

Deputy Clerk, Superior Court of Guam

CV0070-17 Inland Builders Corp. v. GEDA, *et al.*
Decision and Order; IBC's Mot. for Protective Order; GEDA's Mot. to Compel

Page **10** of **10**